UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRESA EVELYN AUSTIN,

       Plaintiff,

v.                                                                    Case No. 1:16-cv-998
                                                                    Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB).

Plaintiff alleged a disability onset date of September 24, 2012. PageID.187. Plaintiff identified her disabling conditions as: ulcerative colitis; fibromyalgia; degenerative arthritis in lower back and both hips; bone spurs in both feet; nerve damage in left shoulder; and "lots of pain in legs and back." PageID.191. She completed a GED and had past employment as the night manager of a gas station, a cashier, a school bus driver, and an environmentalist in a hospital (housekeeper in the decontamination area). PageID.192, 252. The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on July 31, 2015. PageID.58-68. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of

September 24, 2012, and meets the insured status requirements of the Act through June 30, 2017. PageID.60. At the second step, the ALJ found that plaintiff had severe impairments of: calcaneal bone spurs on bilateral feet; cervical and lumbar degenerative disk disease; osteoarthritis; Crohn's Disease; and obesity. PageID.60. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.61.

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) where the claimant can lift and/or carry 20 pounds occasionally, and 10 pounds frequently, can sit up to eight hours of an eight-hour workday, and can stand and/or walk up to eight hours of an eight-hour workday. The claimant does not require an assistive device for ambulation. The claimant has no reaching or manipulative limitations. The claimant has no limitations of the bilateral lower extremities for the operation of foot controls. The claimant has no postural limitations or environmental limitations. The claimant could be exposed to a noise level of a moderate level (SCO level 3) equal to an office environment.

PageID.62. The ALJ also found that plaintiff could perform her past relevant work as a cashier, which is unskilled, light work which does not require the performance of work-related activities precluded by plaintiff's residual functional capacity (RFC). PageID.66.

In the alternative, the ALJ proceeded to step five, where he determined that plaintiff could perform a significant number of unskilled, light exertional jobs in the national economy. PageID.66-67. Specifically, the ALJ found that plaintiff could perform the following unskilled, light work in national economy such as marker-retail (200,000 jobs), photo copy machine operator (50,000 jobs), and cafeteria attendant (100,000 jobs). PageID.67. The ALJ's findings are based upon the vocational expert's responses to interrogatories. PageID.253-254. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from

4

September 24, 2012 (the alleged disability onset date) through July 31, 2015 (the date of the decision). PageID.68.

### III. DISCUSSION

Plaintiff raised three issues on appeal:

#### A. The ALJ failed to give controlling weight to treating physicians' opinions.

Plaintiff contends that the ALJ ignored the opinion of treating physician Mark Quirring, M.D., and provided a cursory analysis of an opinion given by treating podiatrist, William Fox, D.P.M. A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

### 1. Dr. Quirring

Plaintiff contends that the ALJ ignored Dr. Quirring's opinion that:

> Sitting, however, is not a good position since this increases pressure on the disk. You should avoid bending, lifting, and all other activities which make the problem worse.

PageID.326. Plaintiff has cited generic Elkhart General Hospital emergency room discharge instruction for "Radicular Pain." This is not the opinion of a treating physician. Accordingly, this claim of error is denied.

### 2. Dr. Fox

Plaintiff contends that the ALJ gave only cursory attention to Dr. Fox's opinion that plaintiff "[m]ay need a sit down job." PageID.879. The record reflects that the ALJ gave some weight to this opinion:

> Regarding opinion evidence, the undersigned grants some weight to the opinions of Dr. Fox, who opined that the claimant may need a sit-down job (Ex.

6

14F/2). Dr. Fox's opinions are supported by his personal examination of the claimant, and his treatment history of her beginning in August 2014.

PageID.65. The ALJ stated that he considered this restriction in the RFC:

> Additionally, the residual functional capacity also considers the opinion of Dr. Fox, who opined that the claimant may need a "sit-down" job (Ex. 14F/2). The residual functional capacity allows for sitting up to eight hours of an eight-hour workday.

PageID.65. The ALJ gave good reasons for the weight assigned to Dr. Fox's one-sentence opinion and accounted for the possible restriction suggested by the doctor. Accordingly, this claim of error will be denied.

### B. The ALJ improperly analyzed plaintiff's obesity.

Next, plaintiff contends that the ALJ improperly evaluated her obesity. As an initial matter, defendant contends that this claim of error is waived, stating that "Plaintiff's failure to raise obesity as an issue before the agency forecloses her from arguing the ALJ insufficiently considered the issue here." Defendant's Brief (ECF No. 11, PageID.942). Defendant's claim that plaintiff failed to engage in issue exhaustion is inapposite with the Supreme Court's decision in *Sims v. Apfel*, 530 U.S. 103, 112 (2000), which rejected issue exhaustion in Social Security Appeals:

> [W]e hold that a judicially created issue-exhaustion requirement is inappropriate. Claimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues.

*Sims*, 530 U.S. at 112. "The Council, not the claimant, has primary responsibility for identifying and developing the issues." *Id*.

That being said, there is no error. Although the agency deleted obesity from the Listing of Impairments in 20 C.F.R., subpart P, Appendix 1, the Commissioner views obesity as a

7

medically determinable impairment that can be considered when evaluating a claimant's disability.

In this regard, SSR 02-1p ("Evaluation of Obesity") provides in pertinent part:

> [Even] though we deleted listing 9.09, we made some changes to the listings to ensure that obesity is still addressed in our listings. In the final rule, we added paragraphs to the prefaces of the musculoskeletal, respiratory, and cardiovascular body system listings that provide guidance about the potential effects obesity has in causing or contributing to impairments in those body systems. See listings sections 1.00Q, 3.00I, and 4.00F. The paragraphs state that we consider obesity to be a medically determinable impairment and remind adjudicators to consider its effects when evaluating disability. The provisions also remind adjudicators that the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately. They also instruct adjudicators to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity.

SSR 02-01p, 2002 WL 34686281 (Sept. 12, 2002).

While SSR 02-1p provides guidance for the ALJ's in evaluating a claimant's obesity, it does not create a separate procedure requiring the Commissioner to consider obesity in every case.

> Social Security Ruling 02-01p does not mandate a particular mode of analysis. It only states that obesity, in combination with other impairments, "may" increase the severity of the other limitations. It is a mischaracterization to suggest that Social Security Ruling 02-01p offers any particular procedural mode of analysis for obese disability claimants.

*Bledsoe v. Barnhart*, 165 Fed.Appx. 408, 411-12 (6th Cir. 2006). "Social Security Ruling 02–01p does not mandate a particular mode of analysis, but merely directs an ALJ to consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation." *Nejat v. Commissioner of Social Security*, 359 Fed. Appx. 574, 577 (6th Cir. 2009).

The ALJ adequately considered the effects of plaintiff's obesity in deciding the disability claim. As discussed, at Step 2 of the sequential evaluation the ALJ found that plaintiff had a severe impairment of obesity. At Step 3, the ALJ referenced obesity with respect to the listings:

8

> Also, the undersigned considered SSR 02-lp with regard to the claimant's obesity. Although the claimant did not specifically allege obesity as an impairment, recent weight at the hearing results in a calculated Body Mass Index (BMI) of 39.47 (Ex. l0F/12), which is considered "obese" according to the *Clinical Guidelines*. Nevertheless, when considered in combination with the other listings, the undersigned finds the claimant has not met or equaled a listing.

PageID.62. At Step 4, the ALJ identified plaintiff's alleged symptoms related to obesity and stated that "[t]he claimant's obesity has been considered in the residual functional capacity." PageID.63, 65. Accordingly, this claim of error will be denied.

      **C.**      **The ALJ erred in not incorporating limitations from all the medically determinable impairments, both severe and non-severe, into the RFC and erred in not considering the combined impact thereof.**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 404.1545. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). Plaintiff contends that the ALJ erred by not including numerous additional restrictions based on her impairments, individually and in combination. In this regard, plaintiff contends that the RFC did not account for: sitting difficulties (due to chronic back pain, decreased range of motion, degenerative disc disease at L5-S1, hemorrhoids, and obesity); standing difficulties (bilateral problems with her feet, chronic back pain, and obesity); head movement limitations (cervical spine problems related to flexion, rotation, and extension); and non-exertional difficulties (absences due to Crohn's disease, hemorrhoids,

9

headaches, unpredictable bathroom breaks, unscheduled rest breaks due to fatigue, pulmonary irritants (fumes, odors, dust, etc.), and environmental allergies.

Plaintiff's claims are without merit. First, plaintiff's description of her restrictions due to these multiple medical diagnoses involves a question of credibility. *See McKenzie v. Commissioner of Social Security*, No. 99-3400, 2000 WL 687680 at *5 (6th Cir. May 19, 2000), *citing Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988) ("the mere diagnosis of an impairment does not render an individual disabled nor does it reveal anything about the limitations, if any, it imposes upon an individual"). Plaintiff's brief does not address her credibility. The ALJ did, finding that plaintiff's allegations were not fully credible based on the medical evidence and her activities of daily living:

> The claimant's allegations are not fully credible. She alleges that she had difficulty standing, and walking. However, at the consultative examination, she reported that she could walk a block at a time. Additionally, she reported that she was independent in her activities of daily living. She was able to perform household chores like laundry, dusting, and cooking. Upon physical examination, the claimant had only mild difficulty heel and toe walking, squatting and arising, balancing, and performing the tandem walk (Ex. 15F/4). She could kneel and crawl alongside the examiner. There was no evidence of nerve root irritation (Ex. 15F/6). The claimant's allegations about the frequency and severity of her Crohn's disease are not supported by the objective medical evidence. The claimant did not have any surgical procedures, and was treating her symptoms with medication. The claimant's calcaneal spurs have been treated conservatively with physical therapy and medication.

PageID.65. *See Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (an ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence").

stating in pertinent part:

Second, the ALJ's RFC is based in large part on the opinions of the consultative examiner, Tara Abel, M.D.:

> Dr. Abel completed a residual functional capacity (Ex. 15F/7). The claimant was assessed to have retained the capacity for a restricted range of light work, where she could lift and carry 20 pounds occasionally, and 10 pounds frequently. She could sit, stand, and/or walk up to eight hours at one time (Ex. 15F/8). The claimant could continuously reach overhead, reach in all other directions, and perform handling, fingering, feeling, and push/pulling. The claimant could continuously use her bilateral feet for the operation of foot controls (Ex. 15F/9). The claimant had no limitations in postural activities (Ex. 15F/10). She had no environmental limitations.

PageID.65. The ALJ gave substantial weight to Dr. Abel's opinions, which were based upon the doctor's in-person examination and supported by the medical evidence as a whole, including the records from the Cassopolis Family Clinic and radiology studies. PageID.66. Plaintiff does not contest this opinion.

Third, the record reflects that the ALJ considered plaintiff's medically determinable impairments that were both severe and non-severe, as well as the combined effect of those imparments. The Social Security Act requires the agency "to consider the combined effects of impairments that individually may be non-severe, but which in combination may constitute a medically severe impairment or otherwise evince a claimant's disability." *Foster v. Bowen*, 853 F.2d at 490; 20 C.F.R. § 404.1523 ("In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity").

The Sixth Circuit has found that an ALJ's analysis of a claimant's combined impairments sufficient where the ALJ referred to a "combination of impairments" in deciding the claimant did not meet the listings, the ALJ referred to the claimant's "impairments" as not being severe enough to preclude performance of his past relevant work, the ALJ's decision was made after careful consideration of the "entire record," and, all of the claimant's impairments were discussed individually in the decision. *See Gooch v. Secretary of Health and Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). "To require a more elaborate articulation of the ALJ's thought process would not be reasonable." *Id.* The Sixth Circuit has also found that the ALJ properly considered the combined effects of the claimant's impairments where the ALJ's decision referred to the claimant's "severe impairments" and "combination of impairments." *See Loy v. Secretary of Health and Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990).

Here, the ALJ discussed whether plaintiff was disabled under the Social Security Act "by reason of any medically determinable physical or mental impairment or combination of impairments." PageID.58. In addition, the ALJ referred to his consideration of plaintiff's medically determinable impairments, plaintiff's combination of impairments, and plaintiff's impairments that are not severe in evaluating her disability claim. PageID.59-60. The ALJ also stated that he made his determination "[a]fter careful consideration of the entire record." PageID.60. The ALJ's decision indicates that he considered the combined effects of plaintiff's impairments. *See Loy*, 901 F.2d at 1310; *Gooch*, 833 F.2d at 592. Accordingly, this claim of error will be denied.

## IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.

Dated:  June 20, 2017         /s/ Ray Kent
                              RAY KENT
                              United States Magistrate Judge